**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Daniel Curtis WITTENBURG, Appellant (Two Cases).**

Superior Court of Pennsylvania.

Argued Oct. 27, 1998.

Filed Nov. 20, 1998.

---

**2.** Furthermore, it does not appear that Miners is an involuntary creditor.

James P. Miller, Smethport, for appellant.

John H. Pavlock, Asst. Dist. Atty., Eldred, for Com., appellee.

Before FORD ELLIOTT, JOYCE and TAMILIA, JJ.

TAMILIA, J.:

Daniel C. Wittenburg appeals from the November 25, 1997 Order denying his motion to quash criminal charges pending against him in McKean County. Appellant has been charged with the following offenses in McKean County: robbery;[1] terroristic threats;[2] recklessly endangering another person;[3] assault;[4] criminal mischief;[5] underage possession or consumption of alcohol by a minor;[6] and various firearm offenses.[7] Appellant challenges this Order maintaining his November 17, 1996 multi-county crime spree constitutes a single criminal episode. **When prosecution barred by former prosecution for different offense**, 18 Pa.C.S.A. § 110, provides, in pertinent part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> * * *
>
> (ii) *any offense based on the same conduct or arising from the same criminal episode,* if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110(1)(ii) (emphasis added).

This issue was addressed by our Court with respect to the criminal charges pending against appellant in Warren County in *Com-*

---

1. 18 Pa.C.S.A. § 3701.

2. *Id.,* § 2706.

3. *Id.,* § 2705.

4. *Id.,* § 2701.

5. *Id.,* § 3304.

6. *Id.,* § 6308.

7. *Id.,* §§ 6103, **Crimes committed with firearms,** 6106, **Firearms not to be carried without a license,** 6110.1, **Possession of firearm by minor.**

*monwealth v. Wittenburg*, 710 A.2d 69 (Pa.Super.1998), *appeal denied,* —— Pa. ——, —— A.2d ——, 1998 WL 550196, 1998 PA.LEXIS 1888 (Pa. Sept. 1, 1998). Finding appellant's Warren County crimes were not part of the same criminal episode as the crime committed in Venango County, our Court reversed the trial court's Order to quash the Warren County information.[8] We rely on the summary of the facts set forth by this Court in *Wittenburg, supra.*

On November 17, 1996, Wittenburg, then age 16, went on a crime spree that encompassed several Pennsylvania counties. At approximately 4:35 p.m. on that date, Wittenburg robbed a Uni–Mart in Marienville, Forest County. Wittenburg returned to his parents' home in Butler County, where he showered, and then took his parents' automobile and his father's .357 Magnum handgun. Wittenburg left his parents' home at approximately 5:50 p.m. At 6:30, Wittenburg telephoned his former girlfriend and told her that he had robbed one store, that he intended to commit additional robberies, that he had his father's gun, and that if he was chased by the police he would "go out with a bang." Wittenburg asked the girlfriend to telephone his parents and tell them that he would not be home.

At 6:48 p.m., Wittenburg robbed a Uni–Mart in Emlenton, Venango County, taking aspirin, cigars, and cash. At 8:00 p.m., Wittenburg entered the Sparkle Car Wash in Kane, McKean County, took several items from the attached store, and left without paying for his gas. The two employees at the car wash knew Wittenburg and did not initially think that he was serious about the robbery; they changed their minds, however, when he fired the .357 Magnum handgun into an overhead canopy. After Wittenburg fled the scene, the employees called 911 and alerted area police that a maroon Pontiac had been involved in an armed robbery and was traveling westbound on State Route 6.

At 8:15 p.m., Wittenburg entered a tavern in McKean County and demanded service. The bartender requested identification, and Wittenburg brandished the .357 Magnum. The bartender gave Wittenburg a shot of alcohol and then fled to the back room to call the police. Before leaving, Wittenburg fired several shots into the mirror behind the bar.

At 8:30 p.m., Officer Delbert C. Lowe of the Sheffield Township, Warren County, Police Department observed Wittenburg's vehicle travelling on State Route 6. Noticing that the vehicle matched the description that had been given by the employees of the car wash, Officer Lowe followed the car. Shortly thereafter, Officer Lowe was joined by Corporal Robert Lucia of the Pennsylvania State Police (Warren Barracks), and both police cars attempted to stop Wittenburg's vehicle. The chase involved speeds in excess of 80 miles per hour, during which Wittenburg repeatedly fired his gun at the officers' vehicles. Additional State Police vehicles formed a road block on State Route 6 in front of Wittenburg's vehicle. Wittenburg maneuvered through the roadblock, but then lost control of his car and drove into a ditch.

Wittenburg exited his car, and twice fired his gun at the approaching Corporal Lucia. Several officers repeatedly ordered Wittenburg to put the gun down; they heard Wittenburg yell in reply, "Shoot me you mother f* * *ers." After seeing Wittenburg shoot at Corporal Lucia, the officers returned fire and Wittenburg was wounded. He was then arrested.

*Wittenburg, supra* at 71–72.

On November 30, 1996, appellant was charged in Warren County with attempted homicide, aggravated assault, recklessly endangering another person, fleeing police and various firearm offenses. On April 9, 1997, appellant was charged in Venango County with robbery and firearm offenses. Appellant pled guilty in Venango County to the robbery charge in exchange for the prosecution's nol pros of the remaining offenses. The McKean charges were filed on July 18, 1997.

---

8. As the Order quashing the Warren County information has been reversed, appellant's argument the McKean County Court of common Pleas was bound by that Order is without merit.

Appellant argues his offenses were all part of the same criminal episode and that pursuant to 18 Pa.C.S.A. § 110 there should have been a single prosecution of his offenses. In *Commonwealth v. McPhail*, 547 Pa. 519, 692 A.2d 139 (1997), the Pennsylvania Supreme Court held that the purpose of section 110 is to avoid "duplicitous, sequential trials". *Id.* at 530 n. 4, 692 A.2d at 144 n. 4. The Court went on to explain duplicitous trials cause undue delay, unnecessary expenses and needless aggravation to the defendant and the witnesses. The Commonwealth aptly points out in its brief that the events of November 17, 1996 are separate and distinct from one another and, as such, require the calling of different witnesses and the preparation and analysis of varying legal issues. We therefore conclude the holding in *McPhail* does not bar multiple prosecutions in this case.

■ As previously discussed, appellant pled guilty in Venango County to the robbery of the Emlenton Uni–Mart. " 'A guilty plea constitutes a conviction for purposes of pursuing further prosecution pursuant to 18 Pa. C.S.A. § 110.' " *Wittenburg* at 73, *quoting Commonwealth v. Bracalielly*, 540 Pa. 460, 470, 658 A.2d 755, 760 (1995).

■ "[W]hen determining what constitutes a single criminal episode, we consider (1) the temporal relationship between the acts in question and (2) the logical relationship between the acts." *Wittenburg* at 73. The official comment to section 110 provides in relevant part:

Under existing law, if two crimes arise out of the same facts and one does not involve the other (i.e., one is not a step to the other), then a prosecution of one has no bearing on the other and the defendant may be prosecuted for the other regardless of the outcome of the first prosecution. In other words, if the offenses are distinct and separate, the outcome of a trial of the prosecution of one has no bearing on the subsequent prosecution of the other.

(Citation omitted.) We look, therefore, to see whether the McKean County prosecution arises from the same criminal episode as the Venango County prosecution. Upon review of the record, it is clear appellant's robbery of the Emlenton Uni–Mart, for which he has been convicted, is separate and distinct from the myriad of crimes he committed later that same day in McKean County. The record reveals no continuation of conduct between the two counties, nor is the prior episode a step in the execution of the later one. To the contrary, it is evident appellant completed his Venango County crime and later committed a brand new set of crimes at the Sparkle Car Wash and a McKean County tavern.

As the criminal offense for which appellant was convicted in Venango County and those he is charged with having committed in McKean County are not part of the same criminal episode, the McKean County prosecution may proceed against appellant pursuant to its criminal information. The appellant's motion to quash, therefore, was properly denied by the trial court.

Order affirmed.